Dear Mr. Doughty:
I am in receipt of your request for an Attorney General's opinion regarding Acts 1341 and 1342 of the 1999 legislative session which amended and reenacted LSA-R.S. 17:47(D), LSA-R.S. 17:500.2 and LSA-R.S. 17:1202 relative to sick leave, and amended and reenacted LSA-R.S. 17:46(A) through (G) and (N), 1171(A), 1172 through 1177 and 1184 relative to sabbatical leave. Acts 1341 and 1342 require an increase in compensation by the employing board to one whose employment requires a regular teacher's certificate of monies saved as a result of changes concerning the granting of extended sick leave and/or rest and recuperation sabbatical leave. Specifically, you seek an opinion on behalf of the Richland Parish School Board concerning the following:
 Whether the increase in compensation can be calculated by determining the net between the sick and sabbatical leave savings?
I understand that less money was spent as a result of the above statutory changes for one form of leave, but that you experienced an increased cost as a result of the above statutory changes for the other form of leave. You wish to know whether you can subtract the increased cost from the realized savings and distribute that amount under the statute.
Acts 1341 and 1342 of 1999 contain no language that addresses your particular question. Each did, however, contain similar language concerning the manner in which the amount of the savings would be determined. In other words, each separate Act required a determination of the amount saved as result of the changes contained in each Act without regard to the savings realized by the other Act. The above leads to the conclusion that separate amounts should be calculated and distributed, rather than the net savings between the two.
Moreover, Act 338 of the 2001 Regular Session of the legislature amended both 1999 Acts to clarify the manner in which the savings resulting from each change would be calculated. The amendment again speaks of separate calculations without regard to the net savings between the two. I am attaching a copy of the above Act to this opinion.
In sum, the savings, if any, from changes to the two forms of leave should be calculated separately and not by determining the net savings between the two.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ JAMES C. HRDLICKA ASSISTANT ATTORNEY GENERAL
RPI:JCH:lrs
DATE RELEASED: August 3, 2001
ACT NO. 338 OF 2001 REGULAR SESSION
SENATE BILL NO. 52
BY SENATOR THEUNISSEN
AN ACT To amend and reenact Section 2 of Act No. 1341 and Section 3 of Act No. 1342 both of the 1999 Regular Session of the Legislature, relative to the distribution of certain monies; to provide a formula for the calculation of monies saved as the result of a change in certain requirements; to correct a reference in a provision regarding a change in the calculation of monies saved as the result of a change in certain requirements; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. Section 2 of Act No. 1341 of the 1999 Regular Session is hereby amended and reenacted to read as follows:
Section 2. Beginning in the 1999-2000 school year, each full-time classroom teacher employed in a public elementary and secondary school, in a state school for the deaf, blind, spastic, and cerebral palsied and in Special School District Number One whose employment requires a regular teacher's certificate shall receive an increase in compensation by the employing board funded from monies saved as a result of the elimination of the requirement of law for the granting of extended sick leave as provided in this Act. This increase in teacher compensation shall be in addition to any other increase granted to full-time certificated classroom teachers by a city or parish school board funded through a state appropriation whether through the minimum foundation program formula or otherwise. Such monies saved shall, in 1999-2000, be the average of the total amount expended in a given city or parish school system or state school on such extended sick leave during the 1998-1999 school year and the three school years preceding the 1998-1999 school year. In each year after 1999-2000, the monies saved shall be the yearlyaverage of the total amount expended in the previous three years. Thiscalculation shall continue and savings shall be distributed as providedin this Section until there are no years included in which money wasexpended on such extended sick leave. The manner in which such increase may be applied to teacher compensation within a given local school system shall be determined by the city or parish school board for those teachers employed by such school board, and by the State Board of Elementary and Secondary Education for those teachers who are employed by the state board.
Section 2. Section 3 of Act No. 1342 of the 1999 Regular Session is hereby amended and reenacted to read as follows:
Section 3. Beginning in the 1999-2000 school year, each full-time classroom teacher employed in a public elementary and secondary school, in a state school for the deaf, blind, spastic, and cerebral palsied and in Special School District Number One whose employment requires a regular teacher's certificate shall receive an increase in compensation by the employing board funded from monies saved as a result of the elimination of the requirement of law for the granting of rest and recuperation sabbatical leaves as provided in this Act. This increase in teacher compensation shall be in addition to any other increase granted to full-time certificated classroom teachers by a city or parish school board funded through a state appropriation whether through the minimum foundation program formula or otherwise. Such monies saved shall be the average of the total amount expended in a given city or parish school system or state school on such extended sick leave sabbaticals during the 1998-1999 school year and the three school years preceding the 1998-1999 school year. In each year after 1999-2000, the monies saved shall be theyearly average of the total amount expended in the previous three years.This calculation shall continue and savings shall be distributed asprovided in this Section until there are no years included in which moneywas expended on such sabbaticals. The manner in which such increase may be applied to teacher compensation within a given local school system shall be determined by the city or parish school board for those teachers employed by such school board, and by the State Board of Elementary and Secondary Education for those teachers who are employed by the state board.
Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
APPROVED: June 7, 2001.